[Cite as *In re L.R.R.*, 2018-Ohio-1447.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| L.R.R., DEPENDENT CHILD | : | |
| | | **CASE NO. 2017-P-0047** |
| | : | |
| | : | |

Civil Appeal from the Portage County Court of Common Pleas, Juvenile Division, Case No. 2015 JCC 690.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Brandon J. Wheeler*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Appellee, Portage County Department of Job and Family Services).

*Jonathan P. Jennings*, 223 West Main Street, Ravenna, OH 44266 (For Appellant, Patricia Pierson).

DIANE V. GRENDELL, J.

{¶1} Appellant, Patricia Pierson, appeals from the judgment of the Portage County Court of Common Pleas, Juvenile Division, granting legal custody of her grandson, L.R.R., to Stacey and Gregory Bond. The issue to be determined in this case is whether a court's custody decision is arbitrary when the court chooses one of two suitable custodians. For the following reasons, the judgment of the lower court is affirmed.

{¶2} Pierson is the paternal grandmother of L.R.R., born on March 3, 2015.

L.R.R.'s father is Pierson's son, Kenneth Roosa, and his mother is Jerica Hixon.

{¶3} On August 12, 2015, appellee, Portage County Department of Job and Family Services (PCDJFS), filed a Complaint alleging that L.R.R. was abused, neglected, and dependent. The Complaint asserted that L.R.R. was present during a domestic violence incident between Roosa and Hixon, who were engaged. It also alleged that police officers had found the three living together in violation of a temporary protection order.

{¶4} Following an adjudicatory hearing, the court issued a September 21, 2015 Journal Entry finding L.R.R. to be dependent, based on concerns with mental health and substance abuse, family dynamics, and "failure to protect." L.R.R. was placed into the interim pre-dispositional custody of Hixon with protective supervision granted to PCDJFS. Following a dispositional hearing, the court continued the custody with supervision and a case plan was adopted.

{¶5} PCDJFS filed a Notice of Emergency Removal on November 4, 2015. Pursuant to the Notice, the Portage County Sheriff's Office ordered the removal of L.R.R. on November 3, 2015, following a report of domestic violence between Roosa and Hixon, at which time they both smelled strongly of alcohol. Roosa admitted to driving while intoxicated with L.R.R. in the vehicle. On November 6, 2015, a Motion to Modify Dispositional Order and Case Plan was filed. On February 18, 2016, the trial court issued a Journal Entry granting temporary custody to PCDJFS.

{¶6} PCDJFS filed a Motion for Six-Month Extension of Temporary Custody on July 7, 2016. On the same date, it filed a Motion for Adoption of Permanency Plan, seeking that legal custody be granted to L.R.R.'s relatives, Stacey and Gregory Bond,

2

with whom he had been living since November 3, 2015.

{¶7} Roosa filed a Motion for Change of Custody on July 25, 2016. The court denied this request.

{¶8} On December 27, 2016, PCDJFS filed Motions for Change of Custody and to Terminate Case, requesting that legal custody of L.R.R. be granted to the Bonds.

{¶9} Pierson filed a Motion to Intervene and Motion for Legal Custody on February 13, 2017. The court granted the request to intervene and joined her as a party.

{¶10} A hearing was held before the court on April 14 and May 15, 2017, at which the following pertinent testimony was presented:

{¶11} Kaleigh Wallace was the caseworker for L.R.R. and his family. After L.R.R. was removed from Hixon's custody on November 3, 2015, he was placed with Stacey and Gregory Bond. Stacey is Hixon's cousin. L.R.R. had been with them for about 17 months at the time of the first date of the hearing. The Bonds have two biological children, aged one and two, who are bonded with L.R.R. The Bonds allowed Hixon, Roosa, and Pierson to visit with the child and facilitated their relationships. Wallace explained that the Bonds have a "beautiful home" and a large family support system.

{¶12} Wallace noted that Pierson was not considered as a placement in November 2015 since the violation of the temporary protection order took place at her home. Wallace also believed that Pierson had not initially taken PCDJFS' involvement "seriously." Wallace indicated that Pierson passed background checks necessary to be approved as a custodian, has a stable income, loves L.R.R., is bonded with him, and

3

"does well during visitation," which occurred over weekends. Wallace did express concerns regarding Pierson's physical condition as well as past transportation issues.

{¶13} Wallace testified that Hixon had been unable to meet several of her goals under the case plan and Roosa had completed most goals, but she had concerns about his ability to maintain consistent employment and stable housing. Given her belief that L.R.R. could not be returned to their custody, Wallace recommended the Bonds be granted legal custody since L.R.R. is bonded with their family and is used to their home.

{¶14} Stacey Bond, a registered nurse, testified that L.R.R. has lived with her family since he was eight months old, she has bonded with him "very much" and he is "best friends" with her daughter. If granted custody, she would continue to facilitate visitation with the parents and Pierson. She expressed concern that Pierson said she would not allow visitation with the Bonds for a few months if she received custody, in order to "reestablish where [L.L.R.'s] home is." Gregory Bond, Stacey's husband, testified that L.R.R. is part of their family.

{¶15} Pierson testified that she exercises visitation with L.R.R. on the weekends, has a bedroom for him in her house, is bonded with and loves him, and attends family team meetings. L.R.R. has friends near her home and is able to visit with Roosa at her home. She wants L.R.R. to be able to spend time with other family members as well.

{¶16} Pierson testified that she has no health or other concerns that would prevent her from caring for L.R.R. If she was granted custody she would facilitate a relationship with the Bonds, with whom she has communicated well in the past. She expressed a desire to receive custody of L.R.R. when he was removed from Hixon in 2015 but was not permitted to do so because the protection order was violated at her

4

house.

**{¶17}** Roosa testified that his mother would have no difficulties in caring for L.R.R. He believed L.R.R. should be with his family. He also noted that when it is time for L.R.R. to return to the Bonds following visitation, he wants to stay with Roosa and Pierson.

**{¶18}** In a Guardian Ad Litem Report filed on May 11, 2017, the GAL opined that it is in L.R.R.'s best interest to be placed in the legal custody of the Bonds, although he should continue his relationship and visitation with Roosa and Pierson.

**{¶19}** The court issued a Journal Entry on July 10, 2017, granting legal custody to the Bonds and providing visitation for the parents and Pierson. The court found that both the Bonds and Pierson had safe housing and a bond with the child. The court did not weigh against Pierson her presence in the home when the incident involving the violation of the protection order/"assault" occurred and found that she would be able to physically care for L.R.R. It determined that the R.C. 3109.04(F) best interest factors "are fairly equal between the parties," but noted that the GAL recommended L.R.R. be placed with the Bonds, that L.R.R. had bonded with their children, and had lived with them since November 2015.

**{¶20}** Pierson timely appeals and raises the following assignment of error:

**{¶21}** "The decision of the trial court to grant legal custody of L.R.R. to Gregory 'Adam' Bond and Stacey Bond was arbitrary and therefore an abuse of discretion."

**{¶22}** "[A]bsent an abuse of discretion, an appellate court will not reverse a trial court's determination in a child custody matter." (Citation omitted.) *In re A.C.B.*, 11th Dist. Portage Nos. 2016-P-0065 and 2016-P-0067, 2017-Ohio-4127, ¶ 57.

5

"An abuse of discretion implies that the trial court acted in a way that was unreasonable, arbitrary, or unconscionable." *In re Marriage of Kline*, 11th Dist. Lake No. 2016-L-009, 2016-Ohio-7159, ¶ 9, citing *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶23} Pursuant to R.C. 2151.353(A)(3), if a child is adjudicated dependent, the court can "[a]ward legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings."

{¶24} In determining custody under R.C. 2151.353, the juvenile court "'should consider the totality of the circumstances, including, to the extent they are applicable, the best interest factors set forth in R.C. 3109.04(F).'" (Citation omitted.) *In re Memic*, 11th Dist. Lake Nos. 2006-L-049, et al., 2006-Ohio-6346, ¶ 26. "However, there is 'no statutory mandate that they be expressly considered and balanced together before fashioning an award of custody under R.C. 2151.353(A)(3).'" *In re Mitchell*, 11th Dist. Lake Nos. 2002-L-078 and 2002-L-079, 2003-Ohio-4102, ¶ 14, citing *In re Pryor*, 86 Ohio App.3d 327, 336, 620 N.E.2d 973 (4th Dist.1993).

{¶25} Pierson's sole argument is that the lower court's decision was arbitrary because it found that both the Bonds and Pierson were well-suited to be legal custodians for L.R.R. and did not provide justification for awarding custody to the Bonds rather than her.

{¶26} In the present matter, the trial court weighed and discussed the evidence, considered the necessary best interest factors under R.C. 3109.04(F), and concluded

6

that the best interest factors between the Bonds and Pierson "are fairly equal." The court explained in its decision that both the Bonds and Pierson have safe and adequate housing and have bonded with L.R.R. The court noted that it placed no weight on the fact that an assault and/or violation of the restraining order occurred at Pierson's home. It also rejected testimony that Pierson was unable to physically care for L.R.R. The court emphasized that "L.R.R. is lucky to have two loving households available to him where he has bonded." There is nothing in the record to contradict the finding that both the Bonds and Pierson were proper and capable custodians.

{¶27} This, however, does not mean that the trial court's decision to choose the Bonds as legal custodians was arbitrary. Pierson cites no authority for the proposition that a trial court's choice between two suitable custodians is arbitrary by its very nature. It was ultimately necessary for the court to make a decision between Pierson and the Bonds for the purpose of determining custody.

{¶28} Importantly, the lower court did make a distinction between the Bonds and Pierson. Immediately prior to stating its order that L.R.R. be placed in the legal custody of the Bonds, the court noted that the GAL recommended the Bonds be granted custody and referenced the GAL's statement that L.R.R. had lived with them since November 2015. Assuming both Pierson and the Bonds can provide equally adequate homes for L.R.R., it is certainly relevant to consider as a best interest factor the impact of moving L.R.R. out of the home where he has been happily living for over a year and a half. R.C. 3109.04(F)(1)(d) (a best interest factor is "[t]he child's adjustment to the child's home, school, and community"). This provided a valid basis for the court's custody determination. *See In re L.R.S.,* 11th Dist. Portage Nos. 2016-P-0050 and 2016-P-

7

0051, 2017-Ohio-2604, ¶ 26-27 (finding no abuse of discretion where the trial court "had to choose the most suitable couple out of three capable options" and cited to slight differentiating factors to reach its decision); *also Ferres v. Ferres*, 6th Dist. Ottawa No. 90-OT-040, 1991 WL 355136, *3 (Aug. 30, 1991) (finding no abuse of discretion when the trial court awarded custody to the mother although both parents were "equally suitable to have custody").

{¶29} Based on the foregoing, we find no basis for a conclusion that the trial court abused its discretion when it chose what it believed to be the better of two good options for L.R.R. on the issue of custody, which is supported by the record.

{¶30} The sole assignment of error is without merit.

{¶31} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, Juvenile Division, granting legal custody of L.R.R. to the Bonds, is affirmed. Cost to be taxed against appellant.

THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.